# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| ERNEST B. DIGGS, JR., | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CIVIL ACTION 03-0104-WS-M |
| | ) |
| BILLY MITCHEM, | ) |
| | ) |
| Respondent. | ) |

## ORDER

In October 2004, Judge Hand entered an order adopting the Magistrate Judge's report and recommendation ("R&R") that, because the petitioner's claims were procedurally defaulted, his habeas petition should be denied, the action dismissed, and judgment entered in favor of the respondent. (Doc. 14). On the same day, Judge Hand entered judgment in favor of the respondent. (Doc. 15). Now, almost ten years later, the petitioner moves under Rule 60(b) for relief from that order and judgment. (Doc. 25). After careful consideration, the Court concludes that his motion is due to be denied.

## BACKGROUND

The petitioner invokes subsections (4), (5) and (6) of Rule 60(b). In particular, he argues that the order and judgment are void under Rule 60(b)(4) because the Magistrate Judge violated his right to procedural due process; that the order and judgment are based on an earlier judgment that has been reversed or vacated within the contemplation of Rule 60(b)(5); and that relief is available under the catch-all provision of Rule 60(b)(6) both because there has been an intervening change in the law and because denying his petition without reaching the merits of his claims works an unconstitutional suspension of the writ.

**DISCUSSION**

A petitioner may not use Rule 60(b) to circumvent the requirement of 28 U.S.C. § 2244(b)(3)(A) that he obtain appellate permission to pursue a second or successive petition. *Gonzalez v. Crosby*, 545 U.S. 524, 531-32 (2005). But this rule bars only the use of Rule 60(b) to advance a habeas "claim," that is, "a new ground for relief" or an argument "that the court erred in denying habeas relief on the merits." *Id*. at 532. A petitioner does not make a habeas claim in a Rule 60(b) motion "when he merely asserts that a previous ruling which precluded a merits determination was in error – for example, a denial for such reasons as … procedural default." *Id*. at 532 n.4. The petitioner's motion challenges the determination that his claims are barred by procedural default. It therefore raises no habeas claim and thus is not subject to the requirements of Section 2244(b)(3)(A).

**A. Rule 60(b)(4).**

Motions under Rule 60(b) "must be made within a reasonable time." Fed. R. Civ. P. 60(c)(1). "[V]irtually any time is 'reasonable' for challenges to void judgments under Rule 60(b)(4)." *Harris v. Corrections Corp. of America*, 332 Fed. Appx. 593, 595 (11th Cir 2009) (citing *Hertz Corp. v. Alamo Rent-A-Car, Inc.*, 16 F.3d 1126, 1130-31 (11th Cir. 1994)). The Court therefore assumes, without deciding, that the petitioner's motion under Rule 60(b)(4) is timely.

"Generally, a judgment is void under Rule 60(b)(4) if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law." *Burke v. Smith*, 252 F.3d 1260, 1263 (11th Cir. 2001) (internal quotes omitted). The petitioner does not claim a lack of jurisdiction, but he does assert a violation of due process.

The R&R concluded that the petitioner's claims were procedurally defaulted by failure to properly pursue them in state court, with the defaults not

excused by either cause and prejudice or a fundamental miscarriage of justice. (Doc. 12). The petitioner's one-sentence due process argument is that "[t]he Magistrate Judge erred in violation of procedural due process in not applying § 2254(d)(1) and (2)" to his petition. (Doc. 25 at 2). Those provisions govern a federal court's analysis of "any claim that was adjudicated on the merits in State court proceedings." 28 U.S.C. § 2254(d). The petitioner's objections to the R&R reflect his assertion that, while the state courts mentioned procedural problems, they thereafter reached the merits of each of his claims, precluding dismissal based on procedural default and triggering review of the merits under Section 2254(d). (Doc. 13 at 1-2).

Assuming without deciding that the Magistrate Judge erred by not applying Section 2254(d), his error could not possibly support relief under Rule 60(b)(4). "A judgment is not void because it is erroneous." *William Skillings & Associates v. Cunard Transportation, Ltd.*, 594 F.2d 1078, 1081 (5th Cir. 1979); *accord Dixon v. Kilgore*, 343 Fed. Appx. 530, 532 (11th Cir. 2009) ("[A] judgment is not void because of an error of law.") (citing *Gulf Coast Building & Supply Co. v. International Brotherhood of Electrical Workers*, 460 F.2d 105, 108 (5th Cir. 1972)). Indeed, this is true of Rule 60(b) in general: "Rule 60(b) may not be used to challenge mistakes of law which could have been raised on direct appeal." *American Bankers Insurance Co. v. Northwestern National Insurance Co.*, 198 F.3d 1332, 1338 (11th Cir. 1999). The error of which the petitioner complains is one of law and, if such error exists, it could have been raised on direct appeal. Indeed, the petitioner asserted precisely this issue on direct appeal from Judge Hand's order and judgment. (Doc. 19 at 3).

Due process, in general and in the context of Rule 60(b)(4), "generally requires notice and an opportunity to be heard." *United States v. Gentile*, 322 Fed. Appx. 699, 701 (11th Cir. 2009). An order does not violate due process, and will not support relief under Rule 60(b)(4), when the Rule 60 movant had notice of the underlying proposed adverse action and had an opportunity to respond to it.

*Oakes v. Horizon Financial, S.A.*, 259 F.3d 1315, 1319 (11th Cir. 2001). The petitioner received the R&R and so received notice that the Magistrate Judge proposed denial of his petition based on procedural default. The petitioner was given two weeks to file objections to the R&R, and he did so. He thus had an opportunity to respond to the proposed R&R and to object that the Magistrate Judge was required to address the merits of his claims. As noted, the petitioner raised precisely that objection. (Doc. 13 at 1-2). The requirements of due process were fully satisfied, and the order and judgment thus are not void for purposes of Rule 60(b)(4).

### B. Rule 60(b)(5).

In determining whether a motion under this rule has been brought within a reasonable time, "we must consider the circumstances of each case to determine whether the parties have been prejudiced by the delay and whether a good reason has been presented for failing to take action sooner." *BUC International Corp. v. International Yacht Council Ltd.*, 517 F.3d 1271, 1275 (11th Cir. 2008) (internal quotes omitted). The petitioner invokes Rule 60(b)(5) based on changes in the legal landscape wrought by the Supreme Court's decision in *Martinez v. Ryan*, 132 S. Ct. 1309 (2012). *Martinez* was handed down in March 2012, two years and three months before the petitioner filed his motion. The petitioner offers no reason for his extended delay in responding to the *Martinez* decision, and that unexplained delay weighs heavily against any conclusion that he filed his Rule 60(b)(5) motion within a reasonable time. *Cf. Rease v. AT&T Corp.*, 358 Fed. Appx. 73, 76 (11th Cir. 2009) (unexplained six-year delay in filing Rule 60(b)(5) motion rendered it untimely, without any consideration of prejudice vel non); *Ramsey v. Walker*, 304 Fed. Appx. 827, 829 (11th Cir. 2008) (trial court did not abuse its discretion in finding petitioner's 60(b)(6) motion to be untimely, when it was filed six years after the habeas petition was denied "and two years after the cases on which he relied were decided").

Even were the petitioner's motion timely, it would fail on its merits. The portion of Rule 60(b)(5) on which he relies requires him to show that the judgment in this case "is based on an earlier judgment that has been reversed or vacated." It is well settled that "[t]his ground is limited to cases in which the present judgment is based on the prior judgment in the sense of claim or issue preclusion [and] does not apply merely because a case relied on as precedent by the court in rendering the present judgment has since been reversed." 11 Charles A. Wright, Arthur R. Miller & Mary K. Kane, Federal Practice and Procedure § 2863 at 334-35 (2nd ed. 1995) (citing cases from the First, Third, Fourth, Eighth and Ninth Circuits); *accord United States v. Bank of New York*, 14 F.3d 756, 760 (2nd Cir. 1994).

The circumstances here do not fit inside this narrow window. According to the petitioner, *Martinez* partially overrules *Coleman v. Thompson*, 501 U.S. 722 (1991), by "modify[ing] the unqualified statement in *Coleman* that an attorney's ignorance or inadvertence in a postconviction proceeding does not qualify as cause to excuse a procedural default." 132 S. Ct. at 1315. *Coleman*, however, arose in Virginia, involved completely different parties, and was finally resolved a dozen years before the petitioner was indicted. In short, *Coleman* has not the slightest procedural connection with this case, nothing that could possibly exert any claim-preclusive or issue-preclusive effect here. Rule 60(b)(5) therefore cannot apply.

### C. Rule 60(b)(6).

The motion under Rule 60(b)(6) is untimely for the reasons expressed in Part B. The petitioner, without any explanation at all, has delayed over two years in pressing his *Martinez* argument and an astounding 9 years, 7 months and 25 days in raising his constitutional argument. Even had the petitioner's motion been filed within a reasonable time, however, it would fail on its merits.

"It is well established … that relief under [Rule 60(b)(6)] is an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances. … The party seeking relief has the burden of showing that absent

such relief, an extreme and unexpected hardship will result." *Griffin v. Swim-Tech Corp.*, 722 F.3d 677, 680 (11th Cir. 1984) (citations and internal quotes omitted); *accord Galbert v. West Caribbean Airways*, 715 F.3d 1290, 1294 (11th Cir.), *cert. denied sub nom. Bapte v. West Caribbean Airways*, 134 S. Ct. 792 (2013). This is a high enough standard on its own, but "[t]he Supreme Court has explained that extraordinary circumstances that warrant the reopening of a judgment will rarely occur in the habeas context …." *Howell v. Secretary, Florida Department of Corrections*, 730 F.3d 1257, 1260 (11th Cir. 2013) (internal quotes omitted), *cert. denied sub nom. Howell v. Crews*, 134 S. Ct. 1376 (2014).

### 1. Intervening change of law.

To satisfy Rule 60(b)(6), the petitioner first relies on "an intervening change in the law" – in particular, the Supreme Court's decision in *Martinez*. (Doc. 25 at 2). As noted, the order and judgment in this case are based on the conclusion that all of the petitioner's claims were procedurally defaulted and that no cause for the defaults, and no prejudice from them, was shown. When this case was decided, the Supreme Court in *Coleman v. Thompson*, 501 U.S. 722 (1991), had made "the unqualified statement … that an attorney's ignorance or inadvertence in a postconviction proceeding does not qualify as cause to excuse a procedural default." *Martinez*, 132 S. Ct. at 1315. The *Martinez* Court "qualifie[d] *Coleman* by recognizing a narrow exception: Inadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Id*.

The *Martinez* qualification does not automatically apply, however. Most importantly here, *Martinez* by its terms applies only "[w]here, under state law, claims of ineffective assistance of trial counsel *must* be raised in an initial-review collateral  proceeding" and cannot be raised on direct appeal. 132 S. Ct. at 1320 (emphasis added); *accord Hittson v. GDCP Warden*, ___ F.3d ___, 2014 WL 3513033 at *42 (11th Cir. 2014) ("[T]he *Martinez* exception to *Coleman*'s general

rule is limited to circumstances where state law '*requires* a prisoner to raise an ineffective-assistance-of-trial-counsel claim in a collateral proceeding.'") (quoting *Martinez*, 132 S. Ct. at 1318) (emphasis added).

Alabama law does not "require" petitioners to withhold ineffective assistance claims until the commencement of collateral proceedings under Rule 32. On the contrary, state law positively provides that "[a]ny claim that counsel was ineffective must be raised as soon as practicable, either at trial, on direct appeal, or in the first Rule 32 petition, whichever is applicable." Ala. R. Crim. P. 32.2(d). Because Rule 32.2(d) was adopted in 2002 and the petitioner was convicted in 1999, the rule does not apply to his situation. However, Alabama did not preclude defendants from raising ineffective assistance claims on direct appeal before Rule 32.2(d) was adopted. In *Ex parte Ingram*, 675 So. 2d 863 (Ala. 1996), the Court confirmed that appellate counsel could raise on direct appeal claims of ineffective assistance of trial counsel so long as appellate counsel timely moved for a new trial on such grounds. *Id*. at 865. Indeed, the *Ingram* Court positively "encourage[d] trial judges to attempt to facilitate newly appointed appellate counsel's efforts to make new trial motions based upon an alleged lack of effective counsel before the Rule 24.1(b) time limit expires." *Id*.[1]

Alabama law is nothing like the Arizona law at issue in *Martinez*, under which "ineffective assistance of counsel claims are to be brought in Rule 32 proceedings[, and] [a]ny such claims improvidently raised in a direct appeal, henceforth, will not be addressed by appellate courts regardless of merit." *State v. Spreitz*, 39 P.3d 525, 527 (Ariz. 2002) (cited in *Martinez*, 132 S. Ct. at 1314). Because Alabama law in 1999 did not require ineffective assistance claims to be withheld until collateral proceedings under Rule 32, *Martinez* does not apply here. That of itself dooms the petitioner's Rule 60(b)(6) argument.

---

[1] *See also V.R. v. State*, 852 So. 2d 194, 199 n.1 (Ala. Crim. App. 2002) (on application for rehearing) (Rule 32.2(d) uses "language similar to the language in *Ex parte Ingram*").

The Supreme Court in *Trevino v. Thaler*, 133 S. Ct. 1911 (2013), built on *Martinez*. Even when a state does not "require" that ineffective assistance claims be raised on collateral attack, when a "state procedural framework, by reason of its design and operation, makes it highly unlikely in a typical case that a defendant will have a meaningful opportunity to raise a claim of ineffective assistance of trial counsel on direct appeal, our holding in *Martinez* applies …." *Id.* at 1921. Because the petitioner does not invoke *Trevino*, it is not in play. However, even if it were, and even if the Court were to conclude that its standard is satisfied, such that the *Martinez* exception potentially applies, the petitioner still could not obtain relief under Rule 60(b).

It is first important to note that *Martinez* applies only in a very limited context, in terms of both when the attorney omission constituting cause occurred and what omission occurred. As to the former, "the *Martinez* Court expressly limited its holding to attorney errors in initial-review collateral proceedings …." *Arthur v. Thomas*, 739 F.3d 611, 629 (11th Cir. 2014), *petition for cert. filed*, 83 USLW 3003 (June 5, 2014). Specifically, "[t]he holding in this case does not concern attorney errors in other kinds of proceedings, including appeals from initial-review collateral proceedings, second or successive collateral proceedings, and petitions for discretionary review in a State's appellate courts." *Martinez*, 132 S. Ct. at 1320. "The rule of *Coleman* governs" in all these scenarios. *Id.* Thus, only ineffective assistance of counsel occurring at the trial level of the petitioner's first Rule 32 proceeding can constitute cause for a procedural default.

As to the latter limitation, *Martinez* altered *Coleman* only with respect to "claims of *ineffective assistance* of counsel *at trial*." 132 S. Ct. at 1319 (emphasis added); *accord Gore v. Crews*, 720 F.3d 811, 816 (11th Cir. 2013) ("By its own emphatic terms, the Supreme Court's decision in *Martinez* is limited to claims of ineffective assistance of trial counsel …."). Thus, only the failure of habeas counsel to assert a claim of ineffective assistance of trial counsel can constitute cause for a procedural default.

A review of the R&R reflects that only one of the petitioner's six claims was for ineffective assistance of trial counsel. Moreover, each of the five other claims was procedurally defaulted at some stage other than the trial level of the petitioner's first Rule 32 petition. (Doc. 12 at 2-7). On both grounds, all five of these claims are excluded from *Martinez*.

The petitioner's sixth claim was for ineffective assistance of trial counsel, with his petition identifying three respects in which trial counsel was ineffective. (Doc. 12 at 4). Of those three, habeas counsel raised one (failure to assert judicial bias) in the initial Rule 32 proceedings. (*Id.* at 5). Because this claim was not procedurally defaulted at the trial level of the petitioner's first Rule 32 petition, *Martinez* does not apply to it.[2]

The possible significance of *Martinez* is thus limited to two allegations of ineffective assistance of trial counsel: (1) the failure to argue there was a fatal variance between the indictment and the prosecutor's offer of proof as to one (of five) rape charges and one (of three) burglary charges; and (2) the failure to argue that convicting the petitioner of both rape and sexual abuse of a single victim arising from a single episode violated his double jeopardy rights. (Doc. 12 at 2, 4-5).

Accepting that *Martinez* represents to some extent a change in the law, "something more than a 'mere' change in the law is necessary to provide the grounds for Rule 60(b)(6) relief." *Ritter v. Smith*, 811 F.2d 1398, 1401 (11th Cir. 1987). As noted, "relief under Rule 60(b)(6) … requires a showing of extraordinary circumstances," and "[i]t is hardly extraordinary that subsequently, after petitioner's case was no longer pending, this Court arrived at a different interpretation" of when the habeas statute of limitations may be tolled than had the lower court in the petitioner's case. *Gonzalez*, 545 U.S. at 536.

---

[2] This claim was procedurally defaulted later, when it was not raised on appeal of the denial of the Rule 32 petition. (*Id.*).

In some Circuits, the determination whether a change in the decisional law represents an extraordinary circumstance under Rule 60(b)(6) depends on the results of a factor analysis.[3]  The Eleventh Circuit, however, reads *Gonzalez* as having "held that a change in the interpretation of the statute of limitations for a federal habeas petition is not an exceptional circumstance."  *Howell v. Secretary, Florida Department of Corrections*, 730 F.3d 1257, 1261 (11th Cir. 2013).  Thus, a petitioner's diligence in pressing for a change in the law ultimately adopted by the Supreme Court does not alter the conclusion that such a change is not an extraordinary circumstance.  *Id.*

In *Arthur v. Thomas*, 739 F.3d 611 (11th Cir. 2014), the petitioner attempted to stretch *Martinez* from the procedural default context to the equitable tolling context.  The Eleventh Circuit held that neither *Martinez* nor its reasoning applies in the latter context.  *Id.* at 631.  But, the Court continued, even were it to rule differently on that point, "we hold that the change in the decisional law affected [sic] by the *Martinez* rule is not an 'extraordinary circumstance' sufficient to invoke Rule 60(b)(6)."  *Id.*  As in *Howell*, this conclusion was not dependent on the particular circumstances of the case but on the fundamental inability of a change in the decisional law to rise to the level of an extraordinary circumstance.  *Id.* at 631-32; *see also Osborne v. United States*, 559 Fed. Appx. 807, 809-10 (11th Cir. 2014) (in light of *Gonzalez* and *Howell*, the Supreme Court's decision in *Maples v. Thomas*, 132 S. Ct. 912 (2012) – which held that attorney abandonment may supply cause to excuse a procedural default – could not constitute an extraordinary circumstance under Rule 60(b)(6)).

In light of *Gonzalez*, *Howell*, *Arthur* and *Osborne*, the Court concludes that the decision in *Martinez* does not constitute an extraordinary circumstance for

---

[3] *See, e.g., Lopez v. Ryan*, 678 F.3d 1131, 1135-36 (9th Cir. 2012).

purposes of Rule 60(b)(6).  Accordingly, the petitioner may not obtain relief based on an intervening change in the law.[4]

### 2. Suspension of the writ.

"The privilege of the writ of habeas corpus shall not be suspended, unless when in cases of rebellion or invasion the public safety may require it."  U.S. Const. art. I, § 9, cl. 2.  The Suspension Clause appears in Article I, which addresses congressional power, and the few cases construing the clause focus on statutory restrictions on the writ.  *See, e.g., Felker v. Turpin*, 518 U.S. 651, 664 (1996) ("[J]udgments about the proper scope of the writ are normally for Congress to make.") (internal quotes omitted).  The petitioner makes no claim that Congress has overstepped its bounds in enacting 28 U.S.C. § 2254(b), or even that procedural default rules crafted by the judiciary in light of that provision violate the Suspension Clause.  Instead, he argues only that, in his case, not addressing the merits of his claims suspends the writ.  The Suspension Clause does not reach nearly so far as that.

### D.  Certificate of Appealability.

A certificate of appealability ("COA") is required in order to appeal the denial of a proper Rule 60(b) motion in a Section 2254 proceeding.  *E.g., Williams*

---

[4] Although unnecessary to the Court's decision, several other Circuits also have held that *Martinez* does not represent an extraordinary circumstance sufficient to support relief under Rule 60(b)(6).  *See Cox v. Horn*, ___ F.3d ___, 2014 WL 3865836 at *9 (3rd Cir. 2014) ("[W]e agree with the District Court that the jurisprudential change rendered by *Martinez*, without more, does not entitle a habeas petitioner to Rule 60(b)(6) relief."); *Nash v. Hepp*, 740 F.3d 1075, 1079 (7th Cir. 2014) (*Martinez* "involves the mundane and hardly extraordinary situation in which the district court applied the governing rule of procedural default at the time of its decision and the caselaw changed after judgment became final."); *Adams v. Thaler*, 679 F.3d 312, 320 (5th Cir. 2012) ("The Supreme Court's later decision in *Martinez*, which creates a narrow exception to *Coleman*'s holding regarding cause to excuse procedural default, does not constitute an 'extraordinary circumstance' under Supreme Court and our precedent to warrant Rule 60(b)(6) relief.").

*v. Chatman*, 510 F.3d 1290, 1294 (11th Cir. 2007).  The Court is required to issue or deny a COA when it enters a final Rule 60(b) order against a petitioner.  Rule 11(a), Rules Governing Section 2254 Cases in the United States District Courts. The Court therefore addresses that question.

"A certificate of appealability may issue … only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  With respect to grounds rejected on their merits, to obtain a COA the petitioner must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  With respect to grounds rejected for procedural deficiencies, the petitioner must show that "jurists of reason would find it debatable both whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Id*.  For the reasons set forth in Parts A-C, the Court concludes that jurists of reason would not find the Court's procedural assessment debatable.

### CONCLUSION

For the reasons set forth above, the petitioner's motion for relief from final judgment is **denied**, and a COA from this ruling is also **denied**.

DONE and ORDERED this 22nd day of August, 2014.

s/WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE